# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **JOHN MAXWELL MONTIN,** ) | **CASE NO. 4:09CV3072** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| **BILL GIBSON, CEO, MARY** ) | |
| **SULLIVAN, and MARK OSTRANDER,** ) | |
| ) | |
| **Defendants.** ) | |

Plaintiff filed his Complaint in this matter on April 13, 2009. (Filing No. 1.) Plaintiff previously has been given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e).

**I.      SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint on April 13, 2009, against three Lincoln Regional Center ("LRC") employees: Bill Gibson, Mary Sullivan and Mark Ostrander. (Filing No. 1 at CM/ECF p. 1.) Plaintiff sues Defendants in both their individual and official capacities. (*Id*. at CM/ECF pp. 2-3.) Plaintiff is currently a patient at the LRC. (*Id*. at CM/ECF p. 1.)

Condensed and summarized, Plaintiff alleges that Defendants removed his personal property in violation of his due process rights. (*Id*. at CM/ECF p. 6.) Specifically, Plaintiff alleges that Defendants removed "hundreds of personal items, including [his] television." (*Id*.) Plaintiff had "Treatment Team" approval and a state enacted "patient right" to possess and "use" these removed items.[1] (*Id*. at CM/ECF pp. 6, 8.) Plaintiff seeks punitive

---

[1] The patient right Plaintiff refers to is posted on "LRC Form 0-3A-1." (Filing No 1 at CM/ECF p. 4.)

damages in the amount of $20,000.00 against Defendants Gibson and Sullivan, and $10,000.00 against Defendant Ostrander. (*Id.* at CM/ECF p. 9.) Plaintiff also seeks compensatory damages, attorneys fees and injunctive relief in the form of a court order that declares Defendant's actions unconstitutional. (*Id.* at CM/ECF pp. 7-9.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where pro se plaintiffs do not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the

United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III.   DISCUSSION OF CLAIMS

Liberally construed, Plaintiff alleges that Defendants have deprived him of personal property in violation of the Fourteenth Amendment. "The Due Process Clause of the Fourteenth Amendment prohibits state governments from depriving any person of life, liberty, or property, without due process of law." *Singleton v. Cecil*, 176 F.3d 419, 424-25 (8th Cir. 1999). Claims regarding the right to either procedural or substantive due process must begin with identification of a protected liberty or property interest. *Id.* "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). On the other hand, a property interest may arise from "existing rules or understandings that stem from an independent source such as state law." *Skeets v. Johnson*, 816 F.2d 1213, 1214 (8th Cir. 1987); *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972).

Here, Plaintiff alleges that LRC policy and state law provide him with a right to possess and use personal property at the LRC. (Filing No. 1 at CM/ECF pp. 4, 6, 8.) At this stage of the proceedings the court will assume, without deciding, that Plaintiff's right to possess and use personal property at the LRC is a protected liberty or property interest. *See, e.g., Abbot v. McCotter*, 13 F.3d 1439, 1443 (10th Cir. 1994) (finding that prisoner

3

plaintiff arguably possessed a protected liberty interest in the possession of certain property where a prison policy mandated that he be allowed to possess such property). Plaintiff's allegations are therefore sufficient to "nudge" his Fourteenth Amendment claims across the line from conceivable to plausible. As a result, Plaintiff's Fourteenth Amendment claims against Defendants may proceed. However, the court cautions Plaintiff that this is only a preliminary determination based only on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Fourteenth Amendment claims against Defendants may proceed and service is now warranted;

2. To obtain service of process on Defendants, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send SIX (6) summons forms and SIX (6) USM-285 forms (for service on Defendants in both their individual and official capacities) to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur;

3. Upon receipt of the completed forms, the Clerk of the court will sign the summons form, to be forwarded with a copy of the Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Complaint, and Plaintiff does not need to do so;

4. Fed. R. Civ. Pro. 4 requires service of a complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process;

5. Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has

4

twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint;

6. The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "**September 27, 2009**: Check for completion of service of summons"; and

7. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. **Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.**

DATED this 27th day of May, 2009.

BY THE COURT:


s/Laurie Smith Camp
United States District Judge