**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| JOHN MAXWELL MONTIN, ) | CASE NO. 4:09CV3072 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM |
| ) | AND ORDER |
| BILL GIBSON, CEO, MARY ) | |
| SULLIVAN, and MARK OSTRANDER, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Defendants' Motion to Dismiss. (Filing No. 22.) As set forth below, the Motion is granted.

### I.   Sovereign Immunity

Defendants argue that they are entitled to sovereign immunity from the claims for monetary relief brought against them in their official capacities. (Filing No. 23 at CM/ECF pp. 4-5.) Defendants are correct that the Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal

1

capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 which seek equitable relief from state employee defendants acting in their official capacity.

In addition, a claim against an individual, in her official capacity, is in reality a claim against the entity which employs the official. See *Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. . . . A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity. . . . Therefore, the appellants in this case will collectively be referred to as the City.") (quotations omitted). Accord *Eagle v. Morgan*, 88 F.3d 620, 629 n.5 (8th Cir. 1996) ("'[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.'") (quoting *Kentucky v. Graham,* 473 U.S. 159, 165 (1985)). As such, damages claims against individual state employees acting in their official capacities are also barred by the Eleventh Amendment. *Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997). In light of this, Plaintiff's claims for monetary damages against Defendants in their official capacities are dismissed.

## II.    *Fourteenth Amendment Claims*

Defendants separately argue that Plaintiff's claims against Defendants in their individual capacities must be dismissed because they fail to state a claim upon which relief may be granted. The court agrees.

### A.    **Motion to Dismiss Standard**

As previously set forth on initial review, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief

can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (quotation omitted); *see also Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### B. Plaintiff's Claims

Liberally construed, Plaintiff's claims are brought pursuant to the Fourteenth Amendment to the U.S. Constitution. As the court previously stated, "[t]he Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin,* 545 U.S. 209, 221 (2005). Thus, claims regarding the right to either procedural or substantive due process must begin with identification of a protected liberty or property interest. *Singleton v. Cecil,* 176 F.3d 419, 424-25, 425 (8th Cir. 1999).

In order to constitute a liberty interest, an individual must have a legitimate claim or entitlement to the subject of the deprivation which rises to more than a unilateral hope or expectation. *Kentucky Dep't of Corr. v. Thompson,* 490 U.S. 454, 460 (1989). A protected liberty interest may arise from either the Due Process Clause of the United States

Constitution itself, or from a state-created statutory entitlement. *Hewitt v. Helms,* 459 U.S. 460, 466 (1983), *overruled on other grounds by Sandin v. Conner,* 515 U.S. 472, 479-83 (1995); *Fraise v. Terhune,* 283 F.3d 506, 522 (3d Cir. 2002) (citations omitted). In addition, a property interest may arise from "existing rules or understandings that stem from an independent source such as state law." *Skeets v. Johnson,* 816 F.2d 1213, 1214 (8th Cir. 1987); *Board of Regents v. Roth,* 408 U.S. 564, 577 (1972).

Further, although restrictions on an involuntarily civilly committed individual's liberty must be reasonably related to legitimate government objectives, states "enjoy wide latitude in developing treatment regimens" for mental patients. *Kansas v. Hendricks,* 521 U.S. 346, 368 n.4 (1997); *Youngberg v. Romeo,* 457 U.S. 307, 320 (1982). The professionals who provide care and treatment for civilly committed individuals do not have to employ the best possible alternative or use the least restrictive means available. *See Collignon v. Milwaukee County,* 163 F.3d 982, 990 (7th Cir. 1998) (finding that a disagreement about which of many professionally acceptable treatment plans should have been implemented does not make out a substantive due process claim). In fact, "a decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Youngberg,* 457 U.S. at 323.

Plaintiff alleges that he previously had access to various personal belongings, including a personal television, various electronics, clothing, and other items. (Filing No. 1.) Plaintiff specifically alleges that his access to personal property was subject to approval

by "the treatment team," after a consideration of "individual assessment, [his] personal safety, and the safety of others." (*Id.* at CM/ECF p. 4.) Plaintiff further alleges that, over the course of his commitment at the Lincoln Regional Center, he was given access to extensive personal items as the result of the decisions of his treatment team. (*Id.* at CM/ECF pp. 4-5.) However, the Lincoln Regional Center recently changed its policies regarding personal property, resulting in the limitation of Plaintiff's property. In short, Plaintiff alleges that he has a "legal right to obtain personal property of his choice." (*Id.* at CM/ECF p. 6.)

As set forth above, as a civilly committed individual, Plaintiff is subject to the professional judgment and decisions of his treatment team. Even accepting all of his allegations as true for purposes of the Motion, Plaintiff has failed to cite any "state-created statutory entitlement" or other source which would permit him to possess unlimited personal property of his choosing. Instead, Plaintiff cites vaguely to "state enacted rights and privileges." (Filing No. 1 at CM/ECF p. 6.) Plaintiff has therefore failed to adequately state a protected property or liberty interest. However, even if the court assumes that Plaintiff has alleged a protected liberty or property interest, Plaintiff has not alleged that the Lincoln Regional Center's policy change regarding personal property is "a substantial departure from accepted professional judgment, practice, or standards," as required by *Youngberg*, 457 U.S. at 323. At best, Plaintiff's entire Complaint amounts to his disagreement with the new Lincoln Regional Center property policy. The Supreme Court has cautioned courts against substituting their judgment for that of institutional officials charged with maintaining institutional order and security. *Bell v. Wolfish*, 441 U.S. 520,

5

547-48 (1979). In light of this, the Motion to Dismiss is granted and Plaintiff's Complaint is dismissed.

    IT IS THEREFORE ORDERED that:

1.     Defendants' Motion to Dismiss (Filing No. 22) is granted. Plaintiff's claims are dismissed without prejudice.

2.     A separate judgment will be entered in accordance with this Memorandum and Order; and

3.     All other pending motions are denied as moot.

    DATED this 3rd day of November, 2009.

    BY THE COURT:

    s/Laurie Smith Camp
    United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.